IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN MASSEY,                            *

Petitioner                              *

v                                       *       Civil Action No. ELH-17-2529

PAULA LANGMEAD,[1]                      *

Respondent                              *
                                       ***

**MEMORANDUM**

John Massey, who is self-represented, is a patient at Springfield Hospital Center ("Springfield") in Sykesville, Maryland. He has filed a petition for release, titled "Motion Request To [sic] Withdrawal of NCR Plea Bargain After Debt To Society Paid, And Petitioner Did Not Get What He Bargained For." ECF 1. This court ordered Massey to clarify his claims. ECF 3.

Thereafter, Massey filed a supplement. ECF 4 (collectively, the "Petition"). He claims that he is confined "over and over for [a] 2002 crime," *id.* at 5, and indicates that he is challenging the decision of December 10, 2002, issued by a court in Prince George's County, Maryland. *Id.* at 1.[2] Massey seems to allege that he is confined beyond the term of his sentence for a misdemeanor. *Id.* at 5.

---

[1] Massey sued the State of Maryland and the Circuit Court for Prince George's County. The Clerk shall amend the docket to name Paula Langmead, Chief Executive Officer at Springfield Hospital Center, Massey's custodian, in lieu of the State of Maryland and the Circuit Court for Prince George's County. ECF 7; *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (stating "the proper respondent is the warden of the facility where the prisoner is being held").

[2] Because Massey is challenging a State court judgment, if he refiles his Petition after exhaustion, they will be considered pursuant to 28 U.S.C. § 2254. "[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence." *In re Wright,* 826 F.3d 774, 779 (4th. Cir. 2016). The statutory

Paula Langmead, the Chief Executive Officer at Springfield, has filed a Response, along with numerous exhibits, seeking dismissal of the Petition for lack of exhaustion and because the claims have no merit. ECF 8. Massey did not file a Reply, although he was provided notice of the opportunity to do so. ECF 9. Because Massey's financial affidavits indicate he is indigent, the Court will grant his requests for leave to proceed in forma pauperis. *See* ECF 2; ECF 5.

Upon review of the filings, I am satisfied that no hearing is necessary to resolve the dispute. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, I will deny the Petition.

## I. BACKGROUND

Massey is diagnosed with schizoaffective disorder and polysubstance abuse. ECF 8-5 at 6; ECF 8-8 at 4, ¶7; ECF 8-11 at 3. He has a history of involuntary hospitalizations at Springfield, beginning in 2008. In that year, the District Court for Prince George's County found him Not Criminally Responsible ("NCR"). Although Massey premises his petition for habeas relief on a 2002 conviction, and he was charged in other criminal cases in 2000- 2002,[3] the only NCR verdict in his record occurred in 2008, in connection with a charge of second degree assault. ECF 8 at 1-2, ¶¶ 2, 3.

---

requirements that apply to § 2254 petitions include a one-year limitations period, an exhaustion requirement, and a procedural pre-filing restriction on second or successive petitions.

[3] *See*, e.g., Criminal Action No. 1E00186229 (Dist. Ct. Prince George's Cnty., August 16, 2002); 2E00200944 (Dt. Ct. Prince George's Cnty., February 26, 2003); 3E00292540 (Dist. Ct. Prince George's Cnty., May 1, 2008); 4E00149678 (Dist. Ct. Prince George's Cnty., August 21, 2000); 1E00145195 (Dist. Ct. Prince George's Cnty., August 4, 2000); 2E00200944 (Dist. Ct. Prince George's Cnty., February 26, 2002); 2E00200944 (Dist. Ct. Prince George's Cnty., February 26, 2003). http://casesearch.courts.state.md.us/casesearch (last viewed December 7, 2018).

The District Court for Prince George's County found Massey NCR on April 10, 2008, and ordered him committed to the Department of Health ("the Department")[4] in *State v. Massey*, Case No. 001E00309653. In that case, Massey was charged with second degree assault for attacking his roommate in a group home. ECF 8-1; ECF 8-2.

On March 24, 2009, the District Court for Prince George's County Maryland ordered Massey conditionally released, to reside in the Assisted Living Program on the grounds at Springfield and to continue his treatment and his prescribed medication. ECF 8-3. The Assisted Living Program is a residential facility with limited supervision and direction. It was designed to address the needs of patients with moderate mental illness and substance abuse conditions. ECF 8-5 at 6, ¶10.

On May 21, 2010, the District Court for Prince George's County found Massey in violation of the terms of his conditional release. However, it was satisfied that Massey had demonstrated that he was eligible to continue his conditional release with additional conditions. ECF 8-4. On December 7, 2010, a petition for a hospital warrant was made. ECF 8-5 at 3.[5]

A State administrative law judge ("ALJ") conducted a hearing on December 16, 2010, to determine whether Massey had violated the terms of his conditional release and, if so, whether he was eligible for conditional release or discharge. Massey and his attorney from the Office of the Public Defender were present, as was the licensed clinical social worker who represented the

---

[4] As of July 1, 2017, the Department of Health and Mental Hygiene became the Maryland Department of Health. 2017 Md. Laws Ch. 214.

[5] A hospital warrant issued by a court authorizes a law enforcement officer to apprehend a person alleged to have violated an order for conditional release and transport the person to a facility designated by the Department. *See* Md. Code, Crim. Proc § 3-101(e)(1).

Department. ECF 8-5 at 2-3. The exhibits the ALJ admitted into evidence included Massey's psychiatric report, dated December 13, 2010. ECF 8-5 at 3.

On January 4, 2011 the ALJ found that Massey had "engaged in altercations with other patients and staff, and destroy[ed] the personal property of others, including the destruction of a car windshield," bullied other patients, did not regularly attend or participate in therapy sessions, refused his mental health provider's recommendation that he voluntarily admit himself for mental health treatment and evaluation, and showed poor insight and judgment in a conditional release environment, and recommended revocation of conditional release. ECF 8-5 at 4-7. On the same day, the District Court for Prince George's County revoked Massey's conditional release and committed him to the Department of Health for inpatient care and treatment. ECF 8-6.

On August 12, 2011, the District Court for Prince George's County granted Massey conditional release from Springfield's inpatient care. ECF 8-7. But, on December 13, 2011, a hospital warrant was issued for Massey. ECF 8-8 at 3.

An ALJ held a hearing on March 22, 2012, to consider whether Massey violated the terms of his conditional release and his eligibility for conditional release or discharge. Massey's social worker filed an emergency petition on December 23, 2011, advising that Massey had become "threatening and aggressive both verbally and physically toward his roommate as well as staff members at his residential placement…." ECF 8-8 at 4, ¶3. Massey, his attorney from the Public Defender's Office, and a Department representative were present at the hearing. ECF 8-8 at 2. Massey and his treating psychiatrist, Sandra Johnson, M.D., testified at the hearing. ECF 8-8 at 3. The ALJ also considered documentary evidence, which included a copy of Massey's psychiatric evaluation dated March 9, 2012. ECF 8-8 at 3.

The ALJ issued a decision on March 28, 2012. ECF 8-8. He found credible Dr. Johnson's testimony that Massey presented a danger to himself as well as to the person or property of others. *Id.* at 6. Moreover, he was of the view that Massey was not ready for conditional release and should remain committed to the Department for inpatient care and treatment. *Id.*

On April 17, 2012, the District Court for Prince George's County revoked Massey's conditional release ECF 8-9. However, on November 13, 2012, the District Court for Prince George's County granted Massey conditional release from Springfield's inpatient care. ECF 8-10. Then, on October 7, 2016, a hospital warrant was issued for Massey. ECF 8-11 at 2.

An ALJ held a hearing on October 20, 2016, to determine whether Massey had violated his conditional release and whether he was nonetheless eligible for conditional release or discharge. Massey testified on his own behalf and was represented by his counsel from the Office of the Public Defender. Also present was the Department representative, who presented testimony from Geneva Osteen, M.D. and Olga Rossello, both of whom were accepted as experts in psychiatry and were Massey's treating psychiatrists. ECF 8-11 at 2-3.

On October 25, 2016, the ALJ determined that Massey had violated a term of his conditional release by changing his residence without notifying his mental health provider. ECF 8-11 at 5. The ALJ also found that Massey had stopped taking his medication, was exhibiting paranoia, and was threatening to others. Specifically, on September 9, 2016, after Massey agreed to be voluntarily admitted to Bon Secours Hospital, he tampered with a fire sprinkler and caused significant flooding. He also slapped medication from a nurse's hand and required physical restraints and injections of medication after he threatened to kill his physician and other hospital staff. ECF 8-11 at 3-5. In light of these facts, the ALJ recommended Massey's continued commitment to the Department for inpatient care and treatment. ECF 8-11 at 7.

5

On November 22, 2016, the District Court for Prince George's County revoked Massey's conditional release and continued his commitment. ECF 12.

## II. DISCUSSION

A federal court may grant habeas relief for an individual who is "in custody pursuant to the judgment of a State court" if the individual is "in custody in violation of the Constitution" or a federal law. *See* 28 U.S.C. § 2254(a). Massey fails to state a cognizable basis for habeas relief.

Respondents assert that the habeas petition is subject to dismissal for lack of exhaustion. Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition for federal habeas relief, he must exhaust remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) & (c); *Thomas v. Saint Elizabeth's Hosp.*, 720 F. Supp. 14, 15 (D.D.C. 1989).

To my knowledge, Massey has not filed any State court proceedings regarding his confinement. Both comity and judicial efficiency make it appropriate for this Court to insist on complete exhaustion before considering this Petition. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987). Of import, Massey does not dispute his failure to exhaust his claims. Accordingly, the Petition will be dismissed for lack of exhaustion.

Further, even if Massey had properly exhausted cognizable claims for habeas relief, he provides no evidence that he has been unlawfully confined since 2002, and beyond any misdemeanor sentence imposed. To the extent Massey's Petition may be construed to allege a Fourteenth Amendment due process claim, the court must examine whether a substantive right

protected by the Due Process Clause[6] has been violated. In doing so, it is necessary to balance "the liberty of the individual" and "the demands of an organized society." *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982) (quoting *Poe v. Ullman*, 367 U.S. 497, 542 (1961)). Decisions by professionals are presumptively valid and "liability may be imposed only when the decision by the professional is such a *substantial departure* from ... professional judgment, practice, or standard as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323 (emphasis added). In applying this standard, the Fourth Circuit has said that a defendant's actions must have "so substantially departed from professional standards that their decisions can only be described as arbitrary and unprofessional." *Patten v. Nichols*, 274 F.3d 829. 843 (4th Cir. 2001).

Massey has been accorded multiple opportunities for conditional release, but has failed to meet the terms imposed, and was found to pose a danger to himself or to others. The exhibits indicate that the decisions to commit, conditionally commit, or revoke Massey's conditional commitment status were premised on recommendations made by ALJs to the District Court of Prince George's County. These recommendations were made after consideration of testimony and

---

[6] In Maryland, a person who is committed by the court to the Department pursuant to a plea of NCR is entitled to a release hearing within 50 days of commitment. *See* Md. Code, Crim. Proc. § 3-115(a). The Department may request conditional release for a committed person at any time. *Id*. at § 3-120. The conditions imposed on a person conditionally released may not continue for more than five years, unless a party applies for an extension for good cause. *Id.* at § 3-118(c) (referencing § 3-122 regarding extending imposed conditions beyond five years). If at any time the Department considers that a committed person is eligible for conditional release, the Department may apply for the conditional release to the court that committed the person. *Id.* § 3-120(a)(1). If after five years the person has not violated the conditions of his release, he may remain outside of confinement without conditions or judicial oversight. If a person is found to have violated conditional release, the court may revoke the conditional release or extend the conditional release by an additional term of five years. *Id.* at § 3-121(i).

7

evidence presented at administrative hearings at which Massey was present, testified, and was represented by counsel. The record not suggest a due process violation.

## III. CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Massey has provided no excuse for his failure to exhaust his claims. A certificate of appealability, therefore, shall not issue. The denial of a Certificate of Appealability in the district court, however, does not preclude Massey from requesting one from the appellate court.

## IV. CONCLUSION

For the reasons stated, the Court will, by separate Order, dismiss this case for lack of exhaustion.

December 13, 2018             /s/
Date                                       Ellen L. Hollander
                                                 United States District Judge